PEOPLE *ex rel.* BUTTS *v.* MACLEAN *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* April 17, 1891.)

**1. DISMISSAL OF POLICEMAN.**

At the trial of a charge against a policeman of lying down while on patrol duty, a roundsman testified positively to the truth of the charge; and the policeman, while stating that he had been sitting down merely to unlace his shoe, said that he raised on his hand when the roundsman approached. *Held*, that a decision against him on such charge should be sustained on *certiorari*.

**2. SAME.**

Punishment by dismissal from the police force on such a charge is not excessive, where the record of the accused officer shows numerous previous derelictions of duty.

*Certiorari*, on the relation of Henry Butts, to Charles F. MacLean and others, police commissioners of the city of New York, to review a judgment of said commissioners dismissing relator from the police force.

Argued before VAN BRUNT, P. J., and LAWRENCE and DANIELS, JJ.

*John M. Tierney*, for relator.    *William H. Clark*, (*James M. Ward* and *G. L. Sterling*, of counsel,) for respondents.

VAN BRUNT, P. J.    We see no reason to interfere with the finding of the respondents.    The punishment inflicted for this particular offense might by itself seem harsh, but, when taken in connection with the record of the relator, it does not seem so excessive.    The evidence of the roundsman was positive as to the truth of the charge, and although the relator denied that he was lying down, and says that he had been sitting down to unlace his shoe, yet he states, "I raised on my hand" when the roundsman approached.    If he had only been sitting down, it is difficult to see why he should have raised on his hand to see who was coming.    The writ should be dismissed, with costs.    All concur.